IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OLIVIA HOFFER, | : | Civil No. 1:14-CV-262 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | (Chief Judge Conner) |
| | : | |
| GRANGE INSURANCE COMPANY, | : | (Magistrate Judge Carlson) |
| | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION[1]

### I.     Statement of Facts and of the Case

This case, which comes before the Court on a motion to strike, involves an auto insurance dispute arising out of a June 16, 2012, accident in which the plaintiff, Olivia Hoffer, was struck by an under-insured motorist while operating a vehicle insured by her father through the defendant, Grange Insurance Company. (Doc. 1-1, ¶¶1-14.) Hoffer settled a claim with the insurance carrier of the person who struck

---

[1] While a motion to strike can often be resolved by a magistrate judge without the necessity of a Report and Recommendation, see Singh v. Superintending School Committee of the City of Portland, 593 F. Supp. 1315 (D. Me. 1984), in this case where it appears that the motion to strike might effect claims brought by the parties, we believe that it is more appropriate to address this motion through a Report and Recommendation.

1

her automobile, (id., ¶¶14-16), and then made an under-insured motorist coverage claim against her father's policy with Grange. (Id., ¶¶16-21.) According to the plaintiff's complaint, this claim was unjustifiably denied by Grange. (id., ¶¶22-31.) Hoffer's complaint then alleges a breach of contract claim against Grange, (id., ¶¶26-33), a claim which closes in paragraph 32 of the complaint with the following narrative: "As Ms. Hoffer's insurer, Defendant owes a fiduciary, contractual and statutory obligation to investigate, evaluate, and negotiate the UIM claim in good faith and to arrive at a prompt, fair and equitable settlement." (Id., ¶32.)

Hoffer originally filed this complaint in the Court of Common Pleas of Lebanon County. (Id.) Grange subsequently removed this action to federal court based upon diversity of citizenship, (Doc. 1.), and has now moved to strike paragraph 32 of Hoffer's complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. (Doc. 6.) In the alternative, Grange seeks a more definite statement of the nature of the claims propounded by Hoffer in this paragraph of her complaint, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. (Id.) This motion is fully briefed by the parties, (Docs. 7 and 12.), and is, therefore, ripe for resolution.

For the reasons set forth below, it is recommended that the defendant's motion to strike be denied, but that the defendant's motion for more definite statement be granted, in part.

## II. Discussion

### A. Motion to Strike–Standard of Review

A motion to strike is not a substitute for a motion to dismiss under federal practice. Rather the two types of motions serve very different purposes. A Rule 12(b) motion to dismiss tests the legal sufficiency of a complaint. In contrast, Rule 12(f) of the Federal Rules of Civil Procedure, which governs motions to strike pleadings, serves a specific and narrow purpose and provides, in part, that:

> **(f) Motion to Strike.** The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Fed. R.Civ. P. 12(f).

"'The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters.' Natale v. Winthrop Resources Corp., 2008 U.S. Dist. LEXIS 54358, 2008 WL 2758238 (E.D.Pa. July 9, 2008). Relief under Federal Rule of Civil Procedure 12(f) is generally disfavored, and will be denied unless the allegations 'have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case.' Id." Fiorentino v. Cabot Oil & Gas Corp., 750 F. Supp. 2d 506, 509 (M.D. Pa. 2010). Thus, while rulings on motions to strike rest in the sound discretion

of the court, <u>Von Bulow v. Von Bulow</u>, 657 F.Supp. 1134, 1146 (S.D.N.Y. 1987), that discretion is guided by certain basic principles. Because striking a pleading is viewed as a drastic remedy, such motions are "generally disfavored." <u>Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.</u>, 677 F.2d 1045, 1057 (5th Cir. 1982). As one court has aptly observed: "striking a party's pleadings is an extreme measure, and, as a result, . . . '[m]otions to strike under Fed .R.Civ.P. 12(f) are viewed with disfavor and are infrequently granted.' <u>Lunsford v. United States</u>, 570 F.2d 221, 229 (8th Cir.1977) (citing 5 <u>Wright & Miller, Federal Practice and Procedure. Civil</u> § 1380 at 783 (1969)). <u>See also</u> <u>Resolution Trust Corp. v. Gibson</u>, 829 F.Supp. 1103, 1106 (W.D.Mo.1993); 2 James Wm. Moore et al., <u>Moore's Federal Practice</u> § 12.37[1] (3d ed. 2000)." <u>Stanbury Law Firm v. I.R.S.</u>, 221 F.3d 1059, 1063 (8th Cir. 2000).

"Because a motion to strike is not favored, a court will generally not grant such a motion unless the material to be stricken bears no possible relationship to the controversy and may cause prejudice to one of the parties. See <u>Hanover Ins. Co.</u>, 619 F.Supp.2d at 133; <u>Miller v. Group Voyagers, Inc.</u>, 912 F.Supp. 164, 168 (E.D.Pa.1996). In deciding the motion, a court should also consider the liberal pleading standards of Rule 8 and the lack of a developed factual record at this early stage of litigation. See <u>Hanover Ins. Co.</u>, 619 F.Supp.2d at 133; <u>United States v.

Consolidation Coal Co., No. 89–CV–2124, 1991 WL 333694, at *1 (W.D.Pa. Jul. 5) (citing Kelley v. Thomas Solvent Co., 714 F.Supp. 1439, 1442 (W.D.Mich.1989))." Zaloga v. Provident Life & Acc. Ins. Co. of Am., 671 F. Supp. 2d 623, 633 (M.D. Pa. 2009).  In practice, courts should exercise this discretion and strike pleadings only when those pleadings are both "redundant, immaterial, impertinent, or scandalous" and unfairly prejudicial to the opposing party.  Ruby v. Davis Foods, Inc., 269 F.3d 818, 820 (7th Cir. 2001).  For purposes of Rule 12(f): "'Immaterial matter is that which has no essential or important relationship to the claim for relief.  Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question.  Scandalous matter has been defined as that which improperly casts a derogatory light on someone, most typically on a party to the action.  Scandalous pleading must "reflect cruelly" upon the defendant's moral character, use "repulsive language" or "detract from the dignity of the court." '  Donnelly v. Commonwealth Fin. Sys., No. 07–CV–1881, 2008 WL 762085, at *4 (M.D.Pa. Mar. 20) (internal citations omitted)."  Zaloga v. Provident Life & Acc. Ins. Co. of Am., 671 F. Supp. 2d 623, 633 (M.D. Pa. 2009).

### B. Grange's Motion to Strike Should Be Denied But Hoffer Should Provide More Definite Statement of Any Claim Under 42 Pa.C.S. §8371

Given the specific and narrow purpose served by a motion to strike, and the exacting burden of proof which attaches to such a motion, we find that Grange has not shown that the recital contained in paragraph 32 of this complaint, which simply alleges that, "[a]s Ms. Hoffer's insurer, Defendant owes a fiduciary, contractual and statutory obligation to investigate, evaluate, and negotiate the UIM claim in good faith and to arrive at a prompt, fair and equitable settlement" (Doc. 1-1, ¶32.), should be stricken from this pleading. Recognizing that we should exercise our discretion and strike language from pleadings only when those pleadings are both "redundant, immaterial, impertinent, or scandalous" and unfairly prejudicial to the opposing party, Ruby v. Davis Foods, Inc., 269 F.3d 818, 820 (7th Cir. 2001), we find that the narrative contained in paragraph 32 simply is not subject to being stricken at the outset of this litigation.

Far from being a scandalous foray into irrelevant and immaterial matters, this text seems to be a straightforward recital of the duties that an insurer owes an insured under an insurance contract. Thus, in a breach of contract claim the allegation that the defendant owed a contractual duty to the plaintiff seems wholly unobjectionable,

and indeed quite necessary. Similarly, the allegation that parties in a contract have an obligation to deal with one another in good faith seems both unremarkable and legally correct. See Zaloga v. Provident Life & Acc. Ins. Co. of Am., 671 F. Supp. 2d 623, 629-30 (M.D. Pa. 2009). Further, while we acknowledge that "[u]nder Pennsylvania law, a fiduciary duty higher than the duty of good faith and fair dealing does not arise out an insurance contract until an insurer asserts a stated right under the policy to handle all claims asserted against the insured," Keefe v. Prudential Prop. & Cas. Ins. Co., 203 F.3d 218, 227-28 (3d Cir. 2000), the characterization of this contractual relationship as having a fiduciary component does not rise to the level of an immaterial, irrelevant or scandalous averment justifying a motion to strike. Rather, like the allegation that a duty of good faith is owed by the defendant, this term is simply a way of describing the obligations owed by the parties to this contract.

Finally, we note that Hoffer has explained that her reference in paragraph 32 to a "statutory duty" owed by Grange is intended to assert a claim for relief under Pennsylvania's bad faith statute, 42 Pa.C.S. §8371, which provides that: "[i]n an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions: (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%. (2) Award punitive

damages against the insurer. (3) Assess court costs and attorney fees against the insurer." 42 Pa. C. S. § 8371. "The Pennsylvania Superior Court has long interpreted the bad faith statute to extend to claims alleging that an insurer wrongfully denied benefits under an insurance policy. In Terletsky v. Prudential Prop. & Cas. Ins. Co., 437 Pa.Super. 108, 649 A.2d 680 (Pa.Super.Ct.1994), the Pennsylvania Superior Court discussed the standard for a bad faith action pursuant to § 8371 and held that in order to recover, an insured must show that the insurer: (1) did not have a reasonable basis for denying benefits under the policy, and (2) that the insured knew or recklessly disregarded its lack of reasonable basis in denying the claim. Id. at 688. The Third Circuit subsequently predicted that the Pennsylvania Supreme Court would apply Terletsky's definition of bad faith to § 8371 claims. See Klinger v. State Farm Mut. Auto. Ins. Co., 115 F.3d 230, 233 (3d Cir.1997 ('The standard for bad faith claims under § 8371 is set forth in [Terletsky] .... In our prediction of how the Pennsylvania Supreme Court would measure bad faith claims, we will rely on the actual test that Terletsky applied....')." Principal Life Ins. Co. v. DeRose, CIV. A. 1:08-CV-2294, 2009 WL 4061366, *5 (M.D. Pa. Nov. 23, 2009).

Construed in this way, we find that Grange is not entitled to strike this language from Hoffer's complaint. However, in order to ensure clarity of claims as this case moves forward it is recommended that Hoffer be directed to make a more

8

definite statement of this particular claim. "Under Rule 12(e), a defendant may move for a more definite statement '[i]f a pleading...is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading.' Fed.R.Civ.P. 12(e). The Rule 12(e) 'motion shall point out the defects complained of and the details desired.' Id. When a complaint fashioned under a notice pleading standard does not disclose the facts underlying a plaintiff's claim for relief, the defendant cannot reasonably be expected to frame a proper, fact-specific...defense.... The Rule 12(e) motion for a more definite statement is perhaps the best procedural tool available to obtain the factual basis underlying a plaintiff's claim for relief." Thomas v. Independence Tp., 463 F.3d 285, 301 (3d Cir. 2006). Since the Plaintiffs' complaint does not clearly articulate the legal and factual footing for any statutory bad faith claim under 42 Pa. C. S. § 8371, and in fact does not specifically identify a claim under Pennsylvania's bad faith statute, directing Hoffer to provide a more definite statement of this claim at the outset of this litigation would seem a prudent, appropriate exercise of the court's discretion.

### III. Recommendation

For the foregoing reasons, IT IS RECOMMENDED THAT the defendant's Motion to Strike (Doc. 6.) be DENIED, but the defendant concomitant Motion for More Definite Statement, (id.), be GRANTED, in part, and the plaintiff be directed

to provide a more definite statement of the legal and factual basis for any statutory bad faith claim made by the plaintiff in this lawsuit pursuant to 42 Pa. C. S. § 8371.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 30th day of April, 2014.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
