# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **OLIVIA HOFFER,** : | CIVIL ACTION NO. 1:14-CV-0262 |
| **Plaintiff,** : | (Chief Judge Conner) |
| v. : | |
| **GRANGE INSURANCE CO.,** : | |
| **Defendants.** : | |

## ORDER

AND NOW, this 23rd day of May, 2014, upon consideration of the report (Doc. 14) of Chief Magistrate Judge Martin C. Carlson, recommending the court deny defendant's motion (Doc. 6) to strike paragraph 32 of plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(f) but grant, in part, defendant's motion seeking a more definite statement pursuant to Federal Rule of Civil Procedure 12(e), wherein the magistrate judge observes that the allegations contained in paragraph 32 are "unobjectionable and indeed quite necessary" to support plaintiff's breach of contract claim and not properly subject to a motion to strike, (Doc. 14 at 7), but that for purposes of streamlining the litigation and clarifying plaintiff's claims, plaintiff should be directed to file a more definite statement of her statutory bad faith claim pursuant to 42 PA. CONS. STAT. § 8371, (Doc. 14 at 8-9), and, following an independent review of the motion, and it appearing that neither party has objected to the report, and that there is no clear error on the face

of the record,[1] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The report of the magistrate judge (Doc. 14) is ADOPTED in its entirety.

2. Defendant's motion (Doc. 6) to strike paragraph 32 of plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(f) is DENIED.  Defendant's motion (Doc. 6) for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) is GRANTED to the extent it pertains to plaintiff's statutory bad faith claim.

---

[1] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it.  Thomas v. Arn, 474 U.S. 140, 149 (1985).  As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).  The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  FED. R. CIV. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error").  The court has reviewed the magistrate judge's report and recommendation in accordance with this Third Circuit directive.

3. Plaintiff is DIRECTED to file an amended complaint providing a more definite statement of the legal and factual basis for any statutory bad faith claim pursuant to 42 PA. CONS. STAT. § 8371 within fourteen (14) days of the date of this order.  Defendant thereafter shall file a responsive pleading in accordance with the Federal Rules of Civil Procedure.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania