IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **OLIVIA HOFFER,** | : | CIVIL ACTION NO. 1:14-CV-0262 |
| Plaintiff | : | (Chief Judge Conner) |
| v. | : | |
| **GRANGE INSURANCE CO.,** | : | |
| Defendant | : | |

## ORDER

AND NOW, this 29th day of September, 2014, upon consideration of the motion (Doc. 18) seeking to bifurcate litigation, wherein defendant Grange Insurance Co. ("Grange") requests a stay of plaintiff Olivia Hoffer's ("Hoffer") bad faith claim pending resolution of Hoffer's breach of contract claim for underinsured motorist ("UIM") benefits,[1] and it appearing that a court may bifurcate separate claims or issues "[f]or convenience, to avoid prejudice, or to expedite and economize," FED. R. CIV. P. 42(b), subject to the court's "informed discretion,"

---

[1] This automobile insurance dispute arises out of a June 16, 2012 accident in which Hoffer was struck by a motorist while operating a vehicle insured through Grange. (Doc. 16 ¶¶ 4-6). Hoffer settled a claim with the insurance carrier of the driver who struck her automobile and subsequently submitted a UIM coverage claim to Grange. (Id. ¶¶ 18, 26-27). Grange denied Hoffer's claim "on its belief that . . . Hoffer was responsible for the collision." (Id. ¶ 28). In the matter *sub judice*, Hoffer asserts a breach of contract claim, alleging that Grange violated the terms of the insurance policy by "fail[ing] to objectively and reasonably evaluate" the accident and by unjustifiably denying her claim for UIM benefits. (Id. ¶¶ 65-71). Additionally, Hoffer asserts a claim for relief under Pennsylvania's bad faith statute, 42 PA. CONS. STAT. § 8371, contending that Grange denied her UIM claim "without reasonable justification;" misrepresented its investigation of liability; and "unreasonably ignor[ed] relevant information and conclusions" set forth in official accident reports. (Id. ¶¶ 72-78).

Barr Labs., Inc. v. Abbott Labs., Inc., 978 F.2d 98, 115 (3d Cir. 1992); see also Landis v. N. Am. Co., 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."), and that proper analysis of the instant motion requires the court to "weigh the various considerations of convenience, prejudice to the parties, expedition, and economy of resources," Emerick v. U.S. Suzuki Motor Corp., 750 F.2d 19, 22 (3d Cir. 1984), and the court recognizing that bifurcation is not meant to be routine practice, see FED. R. CIV. P. 42(b) advisory committee's note (1966) ("[S]eparation of issues for trial is not to be routinely ordered."), and that the moving party bears the burden of showing that bifurcation is appropriate, see Monaghan v. Travelers Prop. Cas. Co. of Am., No. 3:12-CV-1285, 2014 WL 3534573, at *2 (M.D. Pa. July 16, 2014); Grosek v. Panther Transp., Inc., No. 3:07-CV-1592, 2009 WL 905035, at *2 (M.D. Pa. Apr. 1, 2009), and the court noting that Grange argues that the bad faith claim cannot be properly litigated until Hoffer's claim for UIM coverage is fully resolved, (Doc. 19 at 2), but the court finding that under Pennsylvania law, UIM claims and bad faith claims "are separate and distinct, [such that] a plaintiff could simultaneously prevail on a bad-faith claim and lose on a UIM claim," Consugar v. Nationwide Ins. Co. of Am., No. 3:10-CV-2084, 2011 WL 2360208, at *7 (M.D. Pa. June 9, 2011) (citing March v. Paradise Mut. Ins. Co., 646 A.2d 1254, 1256 (Pa. Super. Ct. 1994)), and the court recognizing that Grange contends that bifurcation will save "substantial time and effort . . . [b]ecause there is

2

very little overlap between the discovery relevant to the [breach of contract claim] and the discovery relevant to the bad faith claim," (Doc. 19 at 5), but the court finding that there will be substantial overlap in the discovery relevant to the two claims because they are based upon the same set of facts and they both turn on the determination of responsibility for the June 16, 2012 collision, see, e.g., Griffith v. Allstate Ins. Co., No. 3:13-CV-2674, at *4-5 (M.D. Pa. Feb. 21, 2014) (denying a motion to bifurcate because the insured's claims for breach of contract and bad faith both centered on evaluation of her injuries); Consugar, 2011 WL 2360208, at *7 ("A [bifurcated] trial . . . based on the same set of facts and us[ing] much of the same evidence . . . . would be a waste of the court's time and resources."), and the court observing that Grange further asserts that the "production of documents that are protected work product in the [breach of contract] claim, but relevant and discoverable in the bad faith" claim, will prejudice Grange during discovery and at trial, (Doc. 19 at 5-6), but the court finding that litigating insurers do not automatically waive attorney-client and work product privileges by defending against bad faith claims, Griffith, at *7 ("Communications between in-house counsel and claims adjustor are generally privileged."); see also Rhone-Poulenc Rorer Inc. v. Home Indem. Co., 32 F.3d 851, 863 (3d Cir. 1994) (applying Pennsylvania law and holding that attorney-client privilege is only waived when a party attempts to prove an element of its claim or defense by affirmatively pleading reliance on advice of counsel); McCrink v. Peoples Benefit Life Ins., No. 2:04-CV-01068LDD, 2004 WL 2743420, at *3-4 (E.D. Pa. Nov. 29, 2004), and that motions *in limine* and jury

instructions may serve to limit the use of evidence introduced at trial, see, e.g., Calestini v. Progressive Cas. Ins. Co., No. 3:09-CV-1679, at *1 (M.D. Pa. Dec. 16, 2009) ("It is economical to reveal . . . all [evidence] at once.  The concern over privilege is misplaced."), and the court therefore concluding that Grange has failed to demonstrate that bifurcation is appropriate in the matter *sub judice*, it is hereby ORDERED that Grange's motion (Doc. 18) seeking to bifurcate litigation and to stay Hoffer's bad faith claim is DENIED.

      /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania